UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAULA MCCUIN | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO.: 4:18-cv-221 |
| v. | § § | |
| THE CAMPBELL'S SOUP COMPANY, | § § § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

1. Plaintiff PAULA MCCUIN ("Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant The Campbell's Soup Company ("Defendant"), for the violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA") and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

2. This is an action brought by Plaintiff seeking damages from Defendant for acts of FMLA retaliation against Plaintiff for engaging in a protected activity under the FMLA and for interfering with Plaintiff's entitled right to medical leave under the FMLA. Defendant's acts of retaliation and/or interference are in violation of the FMLA and were willful.

3. Defendant is the world's largest producer of soup and other related products with annual sales of approximately $8 billon. Defendant owns and operates a manufacturing plant located in Paris, Texas.

4. Plaintiff was formerly employed by Defendant at their facility located in Paris, Texas. Plaintiff was terminated by Defendant for using her granted intermittent FMLA leave the day after she returned to work from her leave.

5. As a result of Defendant's unlawful actions, Plaintiff is entitled to recover: (i) back pay, (ii) benefits, (iii) liquidated damages, (iv) interest, and (v) attorney fees and costs pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) 29 U.S.C. §§ 2601 *et seq.*

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

8. Defendant is a publicly traded New Jersey corporation with their principal place of business located at 1 Campbell Place, Camden, New Jersey 08103. Upon information and belief, Defendant employs more than ten thousand (10,000) persons and has operations in five (5) U.S. states, in addition to operating processing plants in several other countries.

9. Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of the State of Texas.

10. Plaintiff was an eligible employee within the meaning of 29 U.S.C. §§ 2611 (2)(A)(i) and (ii).

11. At the time of her request for intermittent FMLA leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

12. At the time of her request for intermittent FMLA leave, Plaintiff worked at least 1,250 hours for Defendant during the twelve (12) months prior to her request for FMLA leave.

## STATEMENT OF FACTS

13. Throughout the relevant time period, Plaintiff suffered from migraine headaches.

14. Migraine headaches are a serious medical condition.

15. Defendant owns and operates a production facility located in Paris, Texas.

16. Defendant employs over ten thousand (10,000) employees.

17. Throughout the relevant time period, Defendant employed well over fifty (50) employees at its Paris, Texas Facility.

18. Plaintiff began her employment in August 2009 as a product handler.

19. Throughout the relevant time period, Plaintiff was employed at Defendant's Paris, Texas facility.

20. Throughout the relevant time period, Plaintiff was employed as a Tech 2 in Defendant's Single Serve Beverage department.

21. Plaintiff's regular work schedule was Monday through Friday, 10:00pm to 6:30am.

22. Plaintiff was a covered employee under the FMLA as she was employed by Defendant for well over twelve (12) months, she worked at least 1,250 hours prior to her use of the FMLA leave in question, and because Defendant employed over fifty employees at the Paris, Texas facility.

23. In or around 2013, Plaintiff applied for and received intermittent FMLA leave from Defendant as a result of her serious medical condition—migraine headaches.

24. On or around January 27, 2015, Plaintiff gave Defendant's Medical department the appropriate medical documentation to renew her intermittent FMLA leave.

25. Immediately after receiving Plaintiff's medical documentation, Defendant's Medical department approved her intermittent FMLA leave.

26. Plaintiff's intermittent FMLA leave permitted her to miss approximately eight (8) days of work per month.

27. Accordingly, on or around January 27, 2015, Plaintiff renewed her intermittent FMLA leave with Defendant's Medical department.

28. On occasion, Defendant issued employees within a particular department "furlough" days where employees were given prescheduled days off.

29. Defendant issued Plaintiff's department a "furlough" day on Friday, April 10, 2015 and on Monday April 13, 2015.

30. On Wednesday, April 8, 2015 and Thursday, April 9, 2015, Plaintiff used her intermittent FMLA leave because she was suffering from migraine headaches.

31. On April 8, 2015 and April 9 2015, Plaintiff was out from work pursuant to her intermittent FMLA

32. Prior to April 8, 2015, Plaintiff had only used two (2) of her allotted eight (8) FMLA leave days for the month of April.

33. On April 7, 2015, Plaintiff had six (6) FMLA leave days remaining for the month of April.

34. While out on FMLA leave, Defendant scheduled Plaintiff and approximately seven (7) other Single Serve Beverage employees to work on the previously scheduled April 10, 2015, "furlough" day.

35. Upon information and belief, Mr. David Bush was responsible for creating and modifying the schedules of employees within the Single Serve Beverage Department.

36. Defendant did not inform Plaintiff that she was scheduled to work said "furlough" day. Instead, on Thursday, April 9, 2015, Defendant posted on a board at its facility a list of employees who now had to work the "furlough" day. Notably, throughout Plaintiff's tenure with Defendant, she was never scheduled to work a "furlough" day.

37. Plaintiff was not required to nor was it common practice to inquire into whether or not Defendant scheduled her to work a "furlough" day.

38. Plaintiff, believing that she did not have work in accordance with the "furlough" day, did not attend work on Friday, April 10, 2015.

39. Plaintiff's next scheduled work day was Tuesday, April 14, 2015.

40. On April 14, 2015, when Plaintiff returned to work, she went to Defendant's medical department to inform them that her absences on April 8, 2015, and April 9, 2015, were due to her migraine headaches. Defendant's Medical department excused the absences pursuant to Plaintiff's intermittent FMLA leave and provided Plaintiff with a note of said excusal.

41. Plaintiff then gave the Medical department's note to her to her supervisor, Mr. Christopher Storey.

42. Towards the end of Plaintiff's shift, at around 6:00 am on Wednesday April 15, 2015, Defendant summoned Plaintiff to its Human Resources department via her radio.

43. Plaintiff then met with her union representative, Mr. Rick Lunsford ("Mr. Lunsford"), and Defendant's Human Resources employee, Mr. Rolando De La Pena ("Mr. De La Pena").

44. At the meeting, Mr. De La Pena stated to Plaintiff that she was a "no call, no show" on Friday, April 10, 2015, and was being issued fifty (50) demerits for it.

45. Plaintiff explained to Mr. De La Pena that she was out of work on intermittent FMLA leave, but Mr. De La Pena, ignoring Plaintiff, stated that it was Plaintiff's responsibility because it was a "regularly scheduled work day." This was untrue, as April 15, 2015 was a scheduled "furlough" day.

46. Plaintiff then filed a grievance with her union and had a hearing with Mr. Lunsford, Mr. De La Pena, and Mr. Champ Bankhead ("Mr. Bankhead"), the Single Serve Beverage department head.

47. At the meeting, Mr. Lunsford attempted to explain Plaintiff was not responsible for her no call no show as she was on intermittent FMLA leave the day before she was scheduled to report on a "furlough" day and Defendant failed to inform her of the schedule change. Mr. Bankhead stated he would review the facts surrounding the termination and come to a decision.

48. A couple of days later, Mr. Lunsford telephoned Plaintiff to inform her that Mr. Bankhead refused her reinstatement because it was her responsibility to check the schedule.

49. Defendant had actual knowledge that Plaintiff engaged in a protected activity as they approved her intermittent FMLA leave and excused her absences under her intermittent FMLA leave. Defendant also had acknowledge that Plaintiff engaged in a protected activity as Plaintiff re-informed Mr. De La Pena of it immediately before her termination.

50. Accordingly, Plaintiff was terminated in retaliation for engaging in a protected activity under the FMLA.

51. Furthermore, by requiring Plaintiff to check whether or not she was scheduled into the "furlough" day, Defendant's interfered with Plaintiff's entitled right to medical leave.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### The Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*
### (Retaliation)

52. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

53. Plaintiff's request for medical leave was for a serious health condition within the meaning of the FMLA.

54. Plaintiff provided notice to Defendant that she suffered from a serious health condition and that she needed leave to treat and recover from the serious health condition.

55. Plaintiff was entitled to receive medical leave pursuant to the FMLA.

56. Plaintiff's intermittent FMLA leave was granted on or around January 27, 2015.

57. In response to Plaintiff's medical leave to treat and recover from her serious health condition pursuant to the FMLA, Defendant retaliated against Plaintiff.

58. Defendant's retaliatory acts included scheduling to work a previously scheduled day off without her knowledge and subsequently terminating her.

59. The conduct alleged herein violated the FMLA as Defendant has engaged in the practice of retaliation for Plaintiff's participation in a protected activity.

60. Defendant's retaliatory acts against Plaintiff were willful.

61. Plaintiff's request for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*
### (Interference)

62. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

63. Plaintiff provided notice to Defendant that she suffered from a serious health condition and that she needed leave to treat and recover from the serious health condition.

64. Plaintiff was entitled to receive medical leave pursuant to the FMLA.

65. Plaintiff's requested FMLA leave was granted on or about January 2016.

66. Defendant intentionally interfered with Plaintiff's FMLA rights by, *inter alia*, requiring Plaintiff to call into work to see if she was scheduled into a previously scheduled day off.

67. Defendant's conduct was willful.

68. The conduct alleged herein violated the FMLA as Defendant has interfered with Plaintiff's exercise of her entitled right to leave.

69. Plaintiff's request for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*

B. That judgment be entered in favor of Plaintiff against Defendant for: (i) back pay, (ii) benefits, (iii) liquidated damages, (iv) interest, and (v) attorney fees and costs pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

C. That Plaintiff be awarded back pay.

D. That Plaintiff be awarded lost benefits.

E. That Plaintiff be awarded liquidated damages;

F. That Plaintiff be awarded pre and post judgment interest;

G. That the Court award Plaintiff attorneys' fees and costs associated with this matter, including but not limited to expert fees' and costs;

H. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law;

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: March 30, 2018                    Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310 N Capital of Texas Hwy, Ste. 190
Austin, Texas 78731
Telephone & Facsimile: (737) 808-2262

*Of Counsel:*

James A. Vagnini (*pro hac vice pending*)
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com
Monica Hincken (*pro hac vice pending*)
N.Y. State Bar No. 5351804
mhincken@vkvlawyers.com
**VALLI KANE & VAGNINI LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248

***Counsel for Plaintiff***

**ORIGINAL COMPLAINT**