**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| PAULA MCCUIN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:18-cv-221 |
| § | |
| THE CAMPBELL'S SOUP COMPANY, § | |
| § | |
| *Defendant*. § | |

**DEFENDANT'S ANSWER**

Defendant Campbell Soup Supply Company, L.L.C. (hereinafter "Campbell" or "Defendant") (incorrectly sued herein as "The Campbell's Soup Company" [*sic*]) files this Answer to the Original Complaint ("Complaint") filed by Plaintiff Paula McCuin ("Plaintiff"), and respectfully shows the following:

**FIRST DEFENSE**

Plaintiff's Complaint should be dismissed, in whole or in part, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

**THIRD DEFENSE**

Campbell did not commit a willful violation of the Family and Medical Leave Act ("FMLA"). Additionally, Plaintiff is not entitled to liquidated damages because, at all times relevant to this action, any act or omission by Campbell giving rise to Plaintiff's claim for relief

was made in good faith, and Campbell had reasonable grounds for believing that its act or omission was not a violation of the FMLA.

### FOURTH DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, because she has or may have failed to meet the jurisdictional or administrative or other prerequisites or conditions precedent for maintaining all or part of this lawsuit.

### FIFTH DEFENSE

On information and belief and pending discovery, Plaintiff has failed to mitigate her alleged damages.

### SIXTH DEFENSE

Plaintiff's Complaint is frivolous, without foundation, vexatious, and/or brought in bad faith.

### SEVENTH DEFENSE

Plaintiff's Complaint and alleged damages are barred and/or limited by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

### EIGHTH DEFENSE

Plaintiff's damages, if any, were caused and/or were solely caused by Plaintiff's own conduct and/or by third parties.

### NINTH DEFENSE

Plaintiff is not entitled to, nor does the law allow, the damages pleaded by Plaintiff.

### TENTH DEFENSE

Plaintiff was not a covered and/or eligible employee under the FMLA.  Additionally and/or alternatively, Campbell has fully complied with the FMLA as it pertains to Plaintiff.

## ELEVENTH DEFENSE

All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory and reasonable business reasons.

## TWELFTH DEFENSE

To the extent any unlawful conduct is found to have been committed by any agent of Campbell, Campbell should not be held liable because the conduct was outside the scope of the agent's employment, and the agent did not act with express or implied authority, and Campbell did not ratify or approve any unlawful conduct.

---

Without waiving the above defenses, Campbell responds to the allegations contained within Plaintiff's Complaint on a paragraph-by-paragraph basis as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, the allegations contained therein relate solely to Plaintiff's stated purpose for filing her Complaint and, as a result, no response thereto is required.

## INTRODUCTION

2. The allegations contained in the first sentence of Paragraph 2 of the Complaint relate solely to Plaintiff's stated purpose for filing her Complaint and, as a result, no response thereto is required. Campbell specifically denies the allegations and conclusions contained in the second sentence of Paragraph 2 of the Complaint.

3. Campbell admits only that it is a wholly-owned indirect subsidiary of Campbell Soup Company.  Campbell Soup Company is a publicly-traded company (NYSE: CPB).

4. Campbell admits the allegations in the first sentence of Paragraph 4 of the Complaint. Campbell denies the allegation in the second sentence.

5. Campbell denies the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. With respect to the allegations contained in Paragraph 6, Campbell admits only that this Court has subject matter jurisdiction of the types of claims and under the statues and provisions listed therein. Campbell specifically denies that it has committed any violations or engaged in any wrongdoing, or that Plaintiff is entitled to any relief whatsoever.

7. Campbell admits that venue is proper in this Court as asserted in Paragraph 7 of the Complaint, but denies that it engaged in any wrongdoing, or that Plaintiff is entitled to any relief whatsoever.

## PARTIES

8. Campbell admits only that it is a Delaware limited liability company, is a wholly owned indirect subsidiary of Campbell Soup Company, and has its principal place of business at 1 Campbell Place, Camden, New Jersey. The remaining allegations in Paragraph 8 of the Complaint.

9. Campbell denies that allegations in the first sentence in Paragraph 9 of the Complaint On information and /or belief, Campbell admits the allegations in the second sentence of Paragraph 9 of the Complaint.

10. On information and/or belief, Campbell admits the allegation in Paragraph 10 of the Complaint.

11. Because the date(s) of the requested leave in question are not specified, Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Because the date(s) of the requested leave in question are not specified, Campbell is without sufficient information to form a belief regarding the allegations in Paragraph 12 of the Complaint.

**STATEMENT OF FACTS**

13. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Regarding the allegation made in Paragraph 14 of the Complaint, Defendant admits only that migraine headaches could possibly constitute a serious medical condition as alleged.

15. Campbell admits the allegation in Paragraph 15 of the Complaint.

16. Campbell denies the allegation in Paragraph 16 of the Complaint.

17. Because the "relevant time period" is not defined, Campbell is without sufficient information to form a belief to admit or deny the allegations made in Paragraph 17 of the Complaint. That said, Campbell admits that during the time when Plaintiff was employed at the Paris, Texas facility, it employed more than fifty employees.

18. Campbell denies the allegations in Paragraph 18 of the Complaint.

19. Because the "relevant time period" is not defined, Campbell is without sufficient information to form a belief to admit or deny the allegations in paragraph 19 of the Complaint.

20. Because the "relevant time period" is not defined, Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 20 of the Complaint.

21. Campbell is without sufficient information to form a belief to admit or deny allegations in Paragraph 21 of the Complaint.

22. With respect to the allegation in Paragraph 22 of the Complaint, Campbell admits only that Plaintiff was a covered employee under eh FMLA during at least during part of her employment with Campbell.

23. With respect to the allegations in Paragraph 23 of the Complaint, Campbell admits only that Plaintiff applied for and was granted intermittent FMLA leave in or around 2013.

24. Campbell denies the allegation contained in Paragraph 24 of the Complaint.

25. With respect to the allegations in Paragraph 25 of the Complaint, Campbell admits only that, it approved leave for Plaintiff shortly after January 27, 2015.

26. Campbell denies the allegation in paragraph 26 of the Complaint.

27. Campbell denies the allegation in Paragraph 27 of the Complaint.

28. Campbell admits the allegation in Paragraph 28 of the Complaint.

29. On information and/or belief, Campbell admits the allegations in Paragraph 29 of the Complaint, but notes that not all employees in Plaintiff's department were affected by the furloughs.

30. With respect to the allegations in Paragraph 30 of the Complaint, and on information and/or belief, Campbell admits only that Plaintiff was away from work on April 8, 2015, and April 9, 2015, on approved FMLA leave. Campbell is without sufficient information to form a belief regarding the rest of the allegations in Paragraph 30 of the Complaint.

31. With respect to the allegations in Paragraph 31 of the Complaint, and on information and/or belief, Campbell admits only that Plaintiff was away from work on April 8, 2015, and April 9, 2015, on approved FMLA leave. Campbell is without sufficient information to form a belief regarding the rest of the allegations in Paragraph 31 of the Complaint.

32. Campbell denies the allegations in Paragraph 32 of the Complaint.

33. Campbell denies the allegations in Paragraph 33 of the Complaint.

34. Campbell denies the allegations in Paragraph 34 of the Complaint.

35. Campbell admits the allegations in Paragraph 35 of the Complaint.

36. Campbell admits only that it posted on a board at its facility a list of employees who had to work the "furlough day" and that Plaintiff's name was on the list.

37. Campbell denies the allegations in Paragraph 37 of the Complaint.

38. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 38 of the Complaint, except that Defendant admits that Plaintiff did not report to work on April 10, 2015.

39. Campbell admits the allegation in Paragraph 39 of the Complaint

40. With respect to the allegations in Paragraph 40 of the Complaint, and on information and/or belief, Campbell admits only that Plaintiff was away from work on April 8, 2015, and April 9, 2015, on FMLA leave and that such absence was approved by Campbell on April 14, 2015. Campbell is without sufficient information to form a belief to admit or deny the remaining allegations in Paragraph 40 of the Complaint.

41. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 41 of the Complaint.

42. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 42 of the Complaint.

43. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 43 of the Complaint.

44. With respect to the allegations in Paragraph 44 of the Complaint, and on information and/or belief, Campbell admits that on April 15, 2015, Plaintiff was issued demerits

for being a "no call, no show" on April 10, 2015, but Campbell denies that Plaintiff was issued 50 demerits for this incident. Campbell is without sufficient information to form a belief to admit or deny the rest of the allegations in Paragraph 44 of the Complaint.

45. Campbell denies the allegations in Paragraph 45 of the Complaint.

46. With respect to the allegations in Paragraph 46 of the Complaint, Campbell admits only that Plaintiff and/or the union filed a grievance.

47. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 47 of the Complaint.

48. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 48 of the Complaint.

49. Campbell denies the allegations in Paragraph 49 of the Complaint.

50. Campbell denies the allegations in Paragraph 50 of the Complaint.

51. Campbell denies the allegations in Paragraph 51 of the Complaint.

**CAUSES OF ACTION AS AND FOR A FIRST CAUSE OF ACTION
FOR A VIOLATION OF
The Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*.
(Retaliation)**

52. Campbell reasserts and adopts its responses to Paragraphs 1-51 of the Complaint as if fully set forth herein.

53. Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 53 of the Complaint.

54. With respect to the allegations in Paragraph 54 of the Complaint, Campbell admits only that Plaintiff requested FMLA leave.

55. With respect to the allegation in Paragraph 55 of the Complaint, Campbell admits only that, as some time during her employment, Plaintiff was entitled to FMLA leave.

56. On information and/or belief, Campbell admits the allegations in Paragraph 56 of the Complaint.

57. Campbell denies the allegations in Paragraph 57 of the Complaint.

58. Campbell denies the allegations in Paragraph 58 of the Complaint.

59. Campbell denies the allegations in Paragraph 59 of the Complaint.

60. Campbell denies the allegations in Paragraph 60 of the Complaint.

61. The allegations contained in Paragraph 61 of the Complaint reference Plaintiff's request for relief in other paragraphs in the Complaint and, as a result, no response thereto is required. Defendant denies that Plaintiff is entitled to any relief from Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### The Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq*.
### (Interference)

62. Campbell reasserts and adopts its responses to Paragraphs 1-61 of the Complaint as if fully set forth herein.

63. Campbell denies the allegations in Paragraph 63 of the Complaint.

64. Because there is no date or time frame associated with these allegations, Campbell is without sufficient information to form a belief to admit or deny the allegations in Paragraph 64 of the Complaint.

65. Campbell denies the allegations in Paragraph 65 of the Complaint.

66. Campbell denies the allegations in Paragraph 66 of the Complaint.

67. Campbell denies the allegations in Paragraph 67 of the Complaint.

68. Campbell denies the allegations in Paragraph 68 of the Complaint.

69. The allegations in Paragraph 69 of the Complaint reference Plaintiff's request for relief in other paragraph of the Complaint, as a result, no response thereto is required. Defendant denies that Plaintiff is entitled to any relief from Defendant.

## PRAYER FOR RELIEF

Campbell denies Plaintiff is entitled to any relief in this case, including specifically the relief sought in the "Wherefore" paragraph and subparagraphs (A) – (H). Any and all allegations in Plaintiff's Complaint which have not been specifically admitted herein are hereby specifically denied.

WHEREFORE, PREMISES CONSIDERED, Campbell prays that the Court dismiss Plaintiff's Original Complaint and that Campbell will recover its costs, attorneys' fees, and such other relief to which it is justly entitled from Plaintiff.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Michael D. Mitchell*
Michael D. Mitchell, SBOT #: 00784615
michael.mitchell@ogletree.com
Alix L. Udelson, SBOT #: 24093290
alix.udelson@ogletree.com
500 Dallas Street, Suite #3000
Houston, Texas 77002
Phone 713.655.5756
Fax 713.655.0020

**ATTORNEYS FOR DEFENDANT CAMPBELL SOUP SUPPLY COMPANY, L.L.C.**

## **CERTIFICATE OF SERVICE**

        I hereby certify that the foregoing instrument was filed electronically using the Court's ECF/CM system which will simultaneously provide notice and service to all counsel of record on this 30th day of July, 2018, as follows:

Jay D. Ellwanger
ELLWANGER LAW LLLP
8310 North Capital of Texas Highway #190
Austin, Texas 78731


James A. Vagnini
Monica Hincken
VALLI KANE & VAGNINI LLP
600 Old Country Road #519
Garden City, New York   11530

                                                */s/ Michael D. Mitchell*
                                                Michael D. Mitchell

34779386.1