**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PAULA MCCUIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-221 |
| | § | |
| THE CAMPBELL'S SOUP COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.**

*/s/ Michael D. Mitchell*
Michael D. Mitchell, SBOT #: 00784615
michael.mitchell@ogletree.com
Stephen E. Hart, SBOT #: 00793911
stephen.hart@ogletree.com
500 Dallas Street, Suite #3000
Houston, Texas 77002
Phone 713.655.5756
Fax 713.655.0020

**ATTORNEYS FOR DEFENDANT
CAMPBELL SOUP SUPPLY COMPANY,
L.L.C.**

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Campbell Soup Supply Company, L.L.C. (hereinafter "Campbell" or "Defendant") (incorrectly sued herein as "The Campbell's Soup Company" [*sic*]) files this Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, as follows:

## INTRODUCTION

As a reminder, the only issues presented in this case are whether Plaintiff can (1) create a fact issue regarding her FMLA claims, and (2) also establish a "willful" violation of the FMLA, so as to permit application of a three-year statute of limitations.[1] If she cannot support her substantive FMLA claims, those claims fail in any event. If she cannot *also* establish a willful violation, then her case is indisputably barred by the two-year statute of limitations.

Oddly enough, along with her Response, Plaintiff submitted a total of 41 pages[2] of documents in response to Campbell's Motion addressing those two simple issues. As established below, many of the documents submitted by Plaintiff are inadmissible hearsay that cannot be considered by the Court. And a large majority of them address matters that are wholly irrelevant to the issue of whether Campbell violated the FMLA at all, let alone whether Campbell committed a willful violation. Indeed, in an obvious attempt to distract the Court from the only legal issues presented in this case, Plaintiff has taken great liberties in describing so-called "facts" and telling a tall tale. Campbell implores and is trustful that the Court will focus, not on Plaintiff's fictionalized story, but instead on the only issues presented: whether Plaintiff's FMLA claims are substantively barred as a matter of law and whether they are barred as a matter of law based on the applicable statute of limitations.

---

[1] A plaintiff cannot establish a "willful" FMLA violation if there was no FMLA violation in the first place. *See Brady v. Potter*, 273 Fed. Appx. 498, 504-505 (6th Cir. 2008) (holding that "the two-year [FMLA] limitations period is appropriate because there was no violation—much less a willful violation" of the FMLA).

[2] This number does not include Exhibit cover pages or Plaintiff's proposed order.

**ARGUMENTS AND AUTHORITIES**

A.   **Plaintiff Impermissibly Relies on Hearsay.**

Campbell objects to and asks the Court strike Plaintiff's Exhibits C, D, G and J because they are hearsay. "[U]nsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 Fed. Appx. 159, 161-62, (5th Cir. 2008); *see also* Fed. R. Evid. 802. As Plaintiff admits, Exhibits C, D, and G are all interview notes that were recorded by Campbell's Human Resources Manager Rolando De La Pena[3], and Exhibit J includes assertions by Plaintiff's union steward on a 2014 disciplinary notice. These notes are hearsay within hearsay.[4]

"Hearsay within hearsay" is inadmissible unless "each part of the combined statements conforms with an exception to the hearsay rule." Fed. R. Evid. 805; *see also Ramirez v. Gonzalez,* 225 Fed. Appx. 203, 2010 (5th Cir. 2007) (conversation with secretary, in which secretary recounted supervisor's statements, was double hearsay that did not fall within party opponent exception). Here, at a minimum, the employee comments recorded in the notes are hearsay because Plaintiff offers them to prove the truth of the matter asserted therein. *See* Response at 5-7 (characterizing statements in the notes as "testimony" by "witnesses").[5] Thus, they are not admissible. *See Hook v. Regents of University of California*, 394 Fed. Appx. 522, 531 (10th Cir. 2010) (affirming exclusion of investigation interview notes); *Walsh v. Johnson Controls, Inc.*, 2018 WL 3023520, at *7 (N.D. Cal. Jun. 18, 2018) (same).

---

[3] *See* Response at 5-6.
[4] The notes themselves are hearsay, and the individuals' comments to the investigator within the notes are hearsay.
[5] Plaintiff refers to this hearsay material repeatedly in her Response to attempt to create a disputed issue of fact as to whether another *hourly* bargaining unit employee (Mr. Kris Story) believed that Plaintiff should not have been scheduled to work on April 10, 2015 and scratched her name off the rework schedule. But, of course, relying on these out-of-court statements to establish the truth of the matter asserted is rank hearsay (and double hearsay) that cannot be used to create a disputed issue of fact to defeat summary judgment. Moreover, as explained herein, what Mr. Storey allegedly believed and whether he scratched Plaintiff's name off the rework list are utterly irrelevant to the issues of whether Campbell's reason for her discharge was a pretext for retaliation or whether her FMLA leave was a motivating factor in her discharge, let alone whether Campbell committed a willful FMLA violation.

**B.      Plaintiff Cannot Establish a "Willful" Violation Based on Her Interference Claim.**

As explained in Campbell's Motion, Plaintiff's claims are barred by the two-year statute of limitations. The FMLA statute of limitations extends to three years *only if* Plaintiff proves that Campbell "willfully" violated the FMLA. 29 U.S.C. §2617(c)(2); *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 392-93 (5th Cir. 2005).[6] Plaintiff cannot do so here.

1.      <u>Plaintiff Cannot Raise a New Legal or Factual Theory in Her Response</u>.

In her Complaint, Plaintiff asserted that Campbell "interfered with Plaintiff's FMLA rights <u>*by, inter alia, requiring Plaintiff to call into work*</u> to see if she was scheduled into a previously scheduled day off." See Original Complaint (Doc. No. 1) at ¶ 66.[7] As explained in Campbell's Motion, that assertion <u>cannot</u> support an FMLA interference claim as a matter of law because (1) Plaintiff's April 10, 2015 absence that led to her discharge was **not** FMLA-protected, and (2) in any event, employers may enforce their call-in requirements and "no call/no show" policies, even when an employee is on FMLA leave. In her Response, Plaintiff ignores Campbell's legal authority and instead, for the first time, asserts that "Defendant terminated Plaintiff because she was out on FMLA leave and therefore, did not know that she was scheduled to work a shift that she did not know about. *This interferes with her right to take FMLA leave.*" *See* Response at 17. As explained below, Plaintiff's new assertion should not be considered.

"A claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). "Accordingly, district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and

---

[6] "To establish a willful violation of the FMLA, a plaintiff must show that [her] employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Id*. "A negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation." *Mozingo v. Oil States Energy, Inc.*, 661 Fed. Appx. 828, 830 (5th Cir. 2016).

[7] *See also id*. at ¶ 51 ("*[B]y requiring Plaintiff to check whether or not she was scheduled into the 'furlough' day*, Defendant's interfered with Plaintiff's entitled right to medical leave").

raised first in a motion opposing summary judgment." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 204 (5th Cir. 2012). <u>This rule also encompasses new factual theories supporting previously pleaded legal theories</u>. *See, e.g., id.*; *see also Green v. JP Morgan Chase Bank, N.A.*, 562 Fed. Appx. 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory raised in response to summary judgment motion); *Benavides v. EMC Mortg. Corp.*, Civil Action No. 3–12–46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (Costa, J.) (refusing to consider new factual theory supporting previously pleaded legal cause of action). Thus, Plaintiff's new factual theory regarding alleged FMLA interference should not considered, and her interference claim based on her original factual allegations must be dismissed.

2. In any event, Plaintiff's FMLA Interference Claim Fails as a Matter of law. <u>Plaintiff's New Factual Theory Merely Duplicates Plaintiff's Retaliation Claim</u>.

Plaintiff's new assertion is also <u>not</u> sufficient to avoid summary judgment on her interference claim because <u>it merely duplicates her retaliation claim</u> by alleging that she was terminated for taking FMLA leave.[8] "When an employee is terminated after exercising her right to leave, the availability of ***any*** FMLA relief thus typically turns on whether the fired employee can prove retaliation." *Jackson v. BNSF Railway Company*, 751 Fed. Appx. 509, 511 (5th Cir. 2018); *accord DeVoss v. Southwest Airlines Co.*, 903 F.3d 487, 491 (5th Cir. 2018) (holding that when the crux of plaintiff's FMLA interference claim is that she was fired "for taking (or attempting to take) FMLA-eligible leave," then the plaintiff must show retaliatory intent).

Accordingly, where, as here, the plaintiff asserts both FMLA interference and retaliation claims based on an assertion that she was fired because she took FMLA leave, courts in the Fifth

---

[8] *Compare* Response at 17 ("<u>Defendant terminated Plaintiff because she was out on FMLA leave and</u> therefore, <u>did not know that she was scheduled to work</u> a shift that she did not know about. This <u>interferes</u> with her right to take FMLA leave.") with Original Complaint at ¶ 50 ("<u>Plaintiff was terminated in retaliation for engaging in a protected activity</u> under the FMLA") and at ¶ 58 ("Defendant's <u>retaliatory acts</u> included <u>scheduling her to work</u> a previously scheduled day off <u>without her knowledge and subsequently terminating her</u>."). Thus, in <u>both</u> her interference and retaliation claims, Plaintiff now asserts that she was "<u>terminated</u>" "<u>because</u>" she took FMLA leave and allegedly was "<u>scheduled</u>" to work a shift <u>without her knowledge</u>. *See id.*

4

Circuit hold that the plaintiff has no FMLA interference claim as a matter of law. *See Kendall v. Walgreen Co.*, No. A–12–CV–847–AWA, 2014 WL 1513960, at *5 (W.D. Tex. Apr. 16, 2014) ("Kendall's interference claim is duplicative of her retaliation claim. *The essence of Kendall's interference claim is that she was retaliated against for taking leave by being fired* … Because the two claims are essentially identical, … Kendall's interference claim should be dismissed."); *Spears v. Louisiana Dep't of Pub. Safety and Corr.*, 2014 WL 905185, at * 3 (M.D. La. Mar. 7, 2014) (dismissing interference claim where plaintiff asserted both retaliation and interference because interference claim was essentially a retaliation claim); *Lister v. Nat'l Oil Well Varco, L.P.*, 2013 WL 5515196, at *29 (S.D. Tex. Sept. 30, 2013) (holding that plaintiff's assertion that his employment was terminated immediately after he returned to work "is a wrongful termination claim, but *not* an FMLA interference claim.").[9] Thus, Plaintiff's FMLA interference claim should be dismissed.

        3.    Plaintiff's FMLA Interference Claim Should also be Dismissed Because Plaintiff Admits that She Returned to Work Following Her FMLA Leave.

In both her Complaint and her deposition, Plaintiff admitted that she returned to work on April 14, 2015 following her FMLA leave and worked an entire shift before she was discharged. *See* Original Complaint at ¶¶ 39-42, 44; (McCuin Depo. 63:6-18; 64:5-17; 66:7-11; 66:24-67:1).[10] "'The Fifth Circuit has held when a plaintiff receives the requested leave and returns to the job she left, [s]he has no interference claim as a matter of law.'" *Rodriguez v. Webb Hospital Corp.*, 234 F.Supp.3d 834, 838 (S.D. Tex. 2017); *Lister*, 2013 WL 5515196, at *29 (same)

---

[9] *See also Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282(6th Cir. 2012) (affirming district court's decision to construe interference claim as a retaliation claim); *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006) (affirming district court's consolidation of interference and retaliation claims since plaintiff's interference claim was "fundamentally a claim for retaliation"); *Atchison v. Sears*, 666 F.Supp.2d 477, 489 (E.D. Pa. 2009) ("Atchison's interference claim is identical to his retaliation claim, and premised on the same allegation that Sears took adverse employment action against him because he requested FMLA leave. He cannot escape the *McDonnell Douglas* analysis to prove his case merely by affixing an 'interference' label to one of his duplicative claims.").

[10] Excerpts from the deposition of Paula McCuin ("McCuin Depo.") are attached hereto as Exhibit A.

(citing *De La Garza–Crooks v. AT&T*, No. 00–50969, 2001 WL 361099, at *1 (5th Cir. Mar. 22, 2001)). Thus, in *Lister*, the court rejected the plaintiff's assertion that "[t]he return to work but immediate termination of Lister's employ is an interference of Lister's rights under the FMLA," and dismissed his FMLA interference claim, finding that the plaintiff "received the FMLA leave that he requested and subsequently was reinstated to the job he left." *Lister*, 2013 WL 5515196, at *29. Here, Plaintiff's FMLA interference claim should be dismissed for the same reasons.[11]

### C. Plaintiff Cannot Establish a "Willful" Violation Based on Her Retaliation Claim.

Plaintiff asserts that her discharge, which was triggered by her no call/no show on April 10, 2015 (a date when she was not on FMLA leave), is a "willful" FMLA violation because "Defendant" created and posted the rework schedule on April 8 or 9 (when "it" "knew" Plaintiff was on FMLA leave) and did not contact her to directly notify her of the schedule. *See* Response at 11. However, she has not shown that any of that alleged conduct violated the FMLA.

Plaintiff characterizes the posting of her work schedule as an "adverse" action and asserts that courts have "held that defendants willfully violated the FMLA because they took adverse actions against individuals while they were out on FMLA leave." *See id*. at 14-15.[12] Plaintiff's assertions are not evidence of a willful violation. *See Sanders v. Rodriguez*, 2018 WL 706473, at *5 (S.D. Tex. Feb. 2, 2018) ("the fact that [the defendant] knew [p]laintiff had used FMLA and that the discipline pertained to [p]laintiff's conduct while on FMLA is not evidence of willfulness."). Further, as a matter of law, a change in work schedule is ***not*** a materially adverse employment action, and, thus, such an act ***cannot*** support a claim alleging an FMLA violation. *Lushute v. Louisiana, Dept. of Social Services*, 479 Fed. Appx. 553, 555 (5th Cir. 2012) (dismissing FMLA retaliation claim because a schedule change from four day week to five day

---

[11] In any event, Plaintiff's FMLA interference claim should be dismissed based on the two-year statute of limitations because there simply is no record evidence that Campbell "either knew or showed reckless disregard" for whether its alleged conduct was prohibited by the statute. *See Henson*, 128 Fed. Appx. at 393.

[12] Notably, none of the cases Plaintiff cited contain facts remotely similar to this case.

week with no change in compensation was not a materially adverse action); *Rodriguez*, 234 F.Supp.3d at 841 (shift change assigning plaintiff to work a single Sunday morning "would not dissuade a reasonable employee from asserting FMLA rights."); *King v. Texas Department of Criminal Justice*, 2013 WL 12315103, at *5 (W.D. Tex. Jan. 22, 2013) ("Temporary changes in schedule and added duty assignments do not rise to the level of an adverse employment action.").

Moreover, while Plaintiff repeatedly asserts that "Defendant" "knew" she was on FMLA at the time "it" created the rework schedule[13], the supervisor who actually created the rework schedule (i.e., Mr. David Bush)[14] testified, without contradiction, that he did **_not_** know Plaintiff was on FMLA leave on April 8 or 9. (Bush Depo. 107:9-14;[15] and Bush Depo. Ex. 7[16]). Indeed, Mr. Bush never worked directly with Plaintiff, he never supervised her, and he only knew that she worked on the third shift in the SSB department. (Bush Depo. 7:20-24; 13:15-20). No record evidence at all contradicts Mr. Bush's testimony on this issue. In retaliation cases it is well-settled that, the evidence "must be sufficient to permit a reasonable fact finder to conclude that the decision maker had actual knowledge of the protected activity." *Amie v. El Paso Indep. Sch. Dist.*, 253 Fed. Appx. 447, 454–55 (5th Cir. 2007).[17] Inasmuch as Mr. Bush (the decision-maker with respect to the rework schedule) did **_not_** know Plaintiff was on FMLA leave when he created that schedule, the timing by which he created and posted it does not and cannot support an inference of FMLA retaliation at all, let alone a "willful" violation.

Likewise, Plaintiff's complaint that Campbell did not contact her to notify her that she

---

[13] *See e.g.,* Response at 2 (asserting that "Defendant … scheduled Plaintiff to work without notifying her—all while Defendant knew she was out on FMLA leave.") and similar assertions at 5, 11, and 15.
[14] (Bush Depo. at 17:11-14; 99:19-100:7). Excerpts from Mr. Bush's deposition are attached hereto as Exhibit B.
[15] Specifically, Mr. Bush testified that he did not know why Plaintiff was off work on April 8-9, 2015. *Id.*
[16] Bush Depo. Exhibit 7 is an Employee Request for Leave of Absence form showing that Plaintiff was to be off work on a medical leave, beginning on April 8, 2015, and returning to work on April 10, 2015.
[17] *Accord Thompson v. Somervell County, Tex.*, 431 Fed. Appx. 338, 342 (5th Cir. 2011); *Wiseman v. New Breed Logistics, Inc.*, 72 F.Supp.3d 672, 678 (N.D. Miss. 2014) (FMLA retaliation case); *Jones v. Children's Hosp.*, 58 F.Supp.3d 656, 666 (E.D. La. 2014); *Trevino v. United Parcel Service*, 2009 WL 3199185, at *6 (N.D. Tex. 2005).

was listed on the rework schedule neither supports her FMLA retaliation claim nor shows a willful violation. Plaintiff has failed to identify any legal authority under the FMLA that imposes an obligation on employers to contact employees to notify them of schedule changes. *See Lister*, 2013 WL 5515196, at *30 (plaintiff's assertion that his employer retaliated against him under the FMLA by not informing him of attempts to serve him with legal papers for unpaid child support failed because there was no basis to find that the employer had an obligation to notify him).[18]

Separately, although Plaintiff does not dispute that a schedule assigning her to perform rework on April 10, 2015 was posted,[19] nor does she dispute that her discharge was triggered by her failure to come to work or call in that day, Plaintiff asserts that the reason for her discharge is a pretext for retaliation because "Plaintiff's termination was in close proximity to her FMLA leave." *See* Response at 12. However, "timing alone is not enough to support retaliation" once the employer has offered a nondiscriminatory legitimate reason for the adverse employment action. *See Grubb v. Southwest Airlines*, 296 Fed. Appx. 383, 390 (5th Cir. 2008); *Harris v. Dallas Indep. Sch. Dist.*, 435 Fed. Appx. 389, 393 (5th Cir. 2011). Further, an employee is not insulated from being discharged from employment because the employee has taken approved FMLA leave. *See Miller v. Metrocare Servs.*, No. 3:13-CV-1984-D, 2015 WL 477233, at *14 (N.D. Tex. Feb. 5, 2015) (employer does not commit discrimination by terminating employee on FMLA leave if employer had a legitimate, non-discriminatory reason for the termination).

Plaintiff also asserts that "Defendant should not have scheduled her to work rework" in the first place, and she claims (based solely on inadmissible hearsay) that another hourly

---

[18] Indeed, Campbell employees who are off work for *any* reason when a schedule calling for rework on a weekday is posted are responsible for contacting their manager or supervisor to find out if they are scheduled to work. (Ex. C, Fernandez Depo. 45:15-22; 49:17-50:14; 79:12-15; Bush Depo. 17:3-14; Ex. D, De La Pena Depo. 104:24-105:6).
[19] (McCuin Depo. 52:25-53:12; 53:17-54:7; 55:4-21; 56:5-19; McCuin Depo. Ex. 16-17).

8

employee (Kris Story) agreed with and her scratched her name off the rework schedule.[20] Plaintiff's assertions are nothing more than a quarrel with the wisdom of Campbell's procedures and employment decision, and they simply do not respond to Campbell's non-retaliatory reason. *See Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) ("Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason."); *Trautman v. Time Warner Cable Texas, L.L.C.*, 756 Fed. Appx. 421, 429 (5th Cir. 2018) ("managers do not have to make proper decisions, only non-discriminatory ones"). Further, Plaintiff's assertions simply are not relevant to the issue before this Court (i.e., whether Plaintiff establishes a willful violation of the FMLA <u>based on her claim that she was discharged because she took FMLA leave</u>). *See Lister*, 2013 WL 5515196, at *30 ("To preclude summary judgment Lister must identify evidence supporting an inference that, or raising factual disputes material to determining whether, he was terminated because he took FMLA leave.").[21]

Finally, as explained in Campbell's Motion, it is undisputed that Campbell granted Plaintiff FMLA leave each and every time she requested it and excused all of her FMLA-based absences. As a matter of law, Campbell's long record of granting Plaintiff's requests for leave prevents Plaintiff from showing (and she does not even attempt to adduce admissible evidence to support a showing) that her two-day FMLA leave in April 2015 was a motivating factor for her discharge or showing that Campbell's reason is a pretext for FMLA retaliation. *See Trautman*,

---

[20] Although Plaintiff's Response calls Mr. Storey Plaintiff's "supervisor," Mr. Storey was an *hourly* bargaining unit co-worker who had no authority to change a schedule or impose discipline. (Fernandez Depo. 50:5-14; 52:25-53:2; 84:23-85:6; 161:9-10; De La Pena Depo. 78:19-79:3; 79:12-13; 89:6-14). Thus, as a matter of law, Mr. Storey was <u>not</u> a supervisor. *See Morrow v. Kroger Ltd. Partnership I*, 2015 WL 1383960, at *3 (N.D. Miss. Mar. 25, 2015) (holding that an employee who lacked authority to take tangible employment actions was not a supervisor). In any event, Plaintiff admitted that she did not contact *any* supervisor to ask whether she was scheduled to work on April 10, 2015. (McCuin Depo. 60:3-6).

[21] For example, Plaintiff offers no evidence that she was treated less favorably than an employee with a similarly poor attendance record who did not take FMLA leave. *See Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016) (concluding employee failed to show pretext, in part, because employee could not show "he was treated differently than any other employee"); *Trautman*, 756 Fed. Appx. at 429 (same).

756 Fed. Appx. at 429 and n. 5 (holding that defendant's record of granting plaintiff's numerous FMLA leave requests "prevented" plaintiff "from showing [defendant] used excessive absenteeism as a pretextual justification for discrimination" and precluded a finding that her FMLA leave was a motivating factor in her discharge); *Garcia v. Penske Logistics, L.L.C.*, 631 Fed. Appx. 204, 212 (5th Cir. 2015) (per curiam) (considering employer's past conduct of approving FMLA leave as evidence that the reason for firing the employee was not pretext).

## CONCLUSION

For the foregoing reasons, Campbell asks the Court to grant summary judgment and render a final judgment dismissing Plaintiff's claims with prejudice and awarding Campbell all other relief, in law or equity, to which it may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Michael D. Mitchell*
Michael D. Mitchell, SBOT #: 00784615
michael.mitchell@ogletree.com
Stephen E. Hart, SBOT #: 00793911
stephen.hart@ogletree.com
500 Dallas Street, Suite #3000
Houston, Texas 77002
Phone 713.655.5756
Fax 713.655.0020

**ATTORNEYS FOR DEFENDANT CAMPBELL SOUP SUPPLY COMPANY, L.L.C.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing instrument was filed electronically using the Court's ECF/CM system which will simultaneously provide notice and service to all counsel of record on this 9th day of May, 2019, as follows:

| | |
|---|---|
| Jay D. Ellwanger | James A. Vagnini |
| ELLWANGER LAW LLLP | Monica Hincken |
| 8310 North Capital of Texas Highway #190 | VALLI KANE & VAGNINI LLP |
| Austin, Texas 78731 | 600 Old Country Road #519 |
| | Garden City, New York   11530 |

                                */s/ Michael D. Mitchell*
                                Michael D. Mitchell

38421189.1