# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PAULA MCCUIN, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 4:18-CV-221-ALM-KPJ |
| | § | |
| v. | § | |
| | § | |
| THE CAMPBELL'S SOUP COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 4, 2019, the Magistrate Judge held a hearing (the "Hearing") on Defendant's Motion for Summary Judgment (Dkt. #15). On November 25, 2019, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Dkt. #42) that Defendant's Motion for Summary Judgment (Dkt. #15) be denied. On December 4, 2019, The Campbell's Soup Company ("Defendant") filed objections to the Report (the "Objections") (Dkt. #46). Paula McCuin ("Plaintiff") filed a response (Dkt. #55).

The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

The present case concerns Defendant's termination of Plaintiff. Plaintiff asserts claims related to leave taken under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq.

("FMLA"). At the center of the matter is Plaintiff's absence from work on April 15, 2015, termed by Defendant as a "No Call/No Show" absence. On the two days prior to April 10, 2015, Plaintiff was absent from work due to a migraine headache (Dkt. #15 at p. 8). Defendant granted those absences as FMLA-protected absences upon Plaintiff returning to work (Dkt. #1 at p. 5). Disputed, however, is whether Plaintiff was required to work or call in on April 15, 2015, given the issues considered in the Report, and whether Defendant's actions surrounding discipline for Plaintiff's absence present actionable conduct under the FMLA.

## II. DISCUSSION

### A. Factual Findings

Defendant objects to five characterizations in the Report (Dkt. #46 at p. 2). Each of the "objections" appear to be complaints of word choice in the Report rather than substantive objections. While the Report states that several "No Call/No Show absences" are "alleged," Defendant argues it is undisputed Plaintiff failed to come to work on the days in question and failed to call in to work to report she would be absent on those days. This issue may be undisputed, but it is also alleged, that is, Defendant made the assertion as an "allegation." The objection is a distinction without significance. Similarly, Defendant disagrees with the use of the words "basis," "erased," and "testify."

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. FED. R. CIV. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite

specificity, then de novo review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects.

The Court finds that the objections to factual findings lack both specificity and substance, each only conclusory sentences that the Report made a mischaracterization without providing meaningful argument for a basis for a different outcome in deciding Defendant's Motion for Summary Judgment. Therefore, this objection is **OVERRULED**.

### B. Willful Violation

Defendant objects to the Report's finding that Plaintiff raised a genuine issue of material fact with respect to Defendant's knowledge of a statutory violation or reckless disregard for the statutory requirements such that the conduct could be considered a willful violation entitling Plaintiff to the three-year statute of limitations (Dkt. #46 at p. 2). Defendant argues the Report's finding is inconsistent with the Supreme Court's finding in *McLaughlin v. Richland Shoe*, 486 U.S. 128 (1988). The Report cites the same standard cited by Defendants, albeit from a different case: "To prevail on a willful violation, a plaintiff must show that his employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" (Dkt. #42 at p. 11) (citing *Braziel v. Medtronic, Inc.*, No. 4:12cv426, 2012 WL 4092600, at *4 (E.D. Tex. Aug. 22, 2012) (quoting *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 93 (5th Cir. 2005))). Defendant seems to imply the Report applied the wrong standard, but the Report cites the same language as *McLaughlin*. Therefore, the Report did not apply the incorrect standard. Defendant flatly states there is no evidence in this case to justify the Report's finding. The Report, however, identifies evidence such that there is a fact issue as to willfulness:

> As alleged, and considering the facts in the light most favorable to Plaintiff, Defendant posted essential information, namely, that April 10, 2015, was changed from a "furlough day" to a "rework day" on which Plaintiff could be assigned to work, knowing that Plaintiff was absent (and potentially out on FMLA leave) and

3

> would, thus, be unaware of the information. Thereafter, Defendant held her accountable for the information and the unestablished procedure of calling in on a day which was allegedly previously identified as a "furlough day" without the possibility of "rework." Finally, Defendant terminated Plaintiff even though Defendant knew at the time of decision Plaintiff missed work as a result of her taking FMLA leave.

(Dkt. #42 at p. 12). Defendant has not demonstrated how this evidence does not raise a fact issue as to willfulness, and on this issue alone, the Report's finding of denial of summary judgment is appropriate. However, for the sake of thoroughness, the Court will consider Defendant's additional objections.

Defendant argues the Report states that efforts to comply with the FMLA do not show a willful violation (Dkt. #46 at p. 3). This argument is not actually in conflict with the Report, which states that Defendant "may" have acted with knowledge of FMLA requirements but finding a fact issue with regards to reckless disregard rather than actual knowledge. The Report states that, "[r]egardless of Defendant's knowledge of the FMLA and its potential application, however, there is a fact issue regarding whether Defendant acted with reckless disregard as to the statutory requirements of the FMLA." (Dkt. #42 at p. 12).

Defendant argues its history of compliance cannot support a claim of willfulness (Dkt. #46 at p. 4). The Report does not make a finding of willfulness, but merely a finding of a fact issue regarding the issue of willfulness. Further, the Report's recommendation does not turn on Defendant's noted history of compliance in some regards, but on evidence of reckless disregard for the statutory requirements (Dkt. #42 at p. 12).

Defendant complains there is no evidence that employees who were absent for reasons unrelated to the FMLA were treated differently, and thus, there is no willful violation (Dkt. #46 at p. 5). Defendant provides no case law that such a presentation of evidence is required to raise a fact issue as to reckless disregard for the statutory requirements of the FMLA. Defendant also

4

objects to the reliance on Defendant's knowledge regarding Plaintiff's absence being a result of taking FMLA leave as creating a genuine issue of material fact (Dkt. #46 at p. 5). The Report, and the Court, however, do find Defendant's knowledge regarding the cause of Plaintiff's absence being linked to FMLA leave as a relevant factor in the consideration of whether Defendant acted with reckless disregard for the statutory requirements of the FMLA. Defendant presents no argument or case law that this knowledge, under these circumstances, would not support a finding of recklessness.

Defendant, finally, objects to any reliance on Plaintiff's "conspiracy theory," discussed at the hearing on the Motion (Dkt. #46 at p. 5–6). The Report makes no recommendation based on such a conspiracy theory, but on the law, arguments, and facts presented by the parties.

Defendant does not present a single argument sufficient to demonstrate there is not a fact issue regarding whether Defendant acted with reckless disregard for the statutory requirements of the FMLA. Therefore, this objection is **OVERRULED**.

### C. Interference

Defendant objects to the Report's finding that Plaintiff raised a genuine issue of material fact with respect to a claim for interference with an FMLA right (Dkt. #46 at p. 6). Defendant argues items cited in the Report are not relevant, and that the "only relevant issue is what Plaintiff did or did not do on April 10, 2015, when she indisputably was not protected by the FMLA." (Dkt. #46 at p. 6). The issue of interference, however, necessarily concerns Defendant's actions. Defendant's additional objections on the issue relate to a limiting of the scope of information which may be considered in understanding a claim for interference, arguing that Plaintiff's discharge was specifically triggered by discipline for failure to report or call in on a single day in which she did not require FMLA leave, and that Defendant promoted Plaintiff's taking of FMLA leave (Dkt. #46

at p. 7). Defendant presents no case law requiring the Court's analysis to be so limited to the specific facts Defendant argues support its position. As noted in the Report, there is a genuine issue of material fact with respect to a claim for inference particularly considering that the parties disagree about "whether, before Plaintiff was absent on FMLA leave on April 8–9, 2015, she was notified that April 10, 2015, could be a 'rework' day such that Plaintiff might have the potential to be assigned to work, or whether Plaintiff was notified that April 10, 2015, was a 'furlough day' without the potential for 'rework.'" (Dkt. #42 at p. 8). Therefore, this objection is **OVERRULED**.

**D. Retaliation**

Defendant objects to the Report's "implicit finding" that the temporal proximity between Plaintiff's return to work and reporting her FMLA leave and her discharge was sufficient to establish pretext (Dkt. #46 at p. 8). The Report acknowledges that "timing alone is not enough to support retaliation," but also that timing "can be evidence of pretext." (Dkt. #42 at p. 10). The Report does not make Defendant's alleged "implicit finding," but rather the Report argues the timing is one item, along with Defendant's knowledge regarding the relationship of Plaintiff's absence to her FMLA leave and Defendant's knowledge regarding the change of a "furlough day" to a "rework day" while Plaintiff was on FMLA leave (Dkt. #42 at p. 10).[1] Defendant does not explain how the items identified in the Report, along with the temporal proximity issue, do not raise a genuine issue of material fact. Therefore, this objection is **OVERRULED**.

**III.    CONCLUSION**

Based on the foregoing, the Court finds Plaintiff has raised genuine issues of material fact with regard to her claims.

---

[1] Defendant objects that it could not possibly know what Plaintiff "believed" (Dkt. #46). This is, again, an attempted parsing of a word without substantive significance. The term clearly does not refer to some private thought known only to Plaintiff; Defendant may have knowledge of what Plaintiff believed due to her representations of such.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #15) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 26th day of December, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE